'JUDGE KOELTL

# 24 CV 07830

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York ▾

| | |
|---|---|
| Hilary Best on behalf of Sean Combs | ) ) ) ) |
| *Petitioner* | ) |
| v. | ) ) |
| | ) Case No. _____ |
| UNITED STATES OF AMERICA | ) *(Supplied by Clerk of Court)* |
| | ) ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Hilary Best on behalf of Sean Combs
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution:  Sean Combs is being detained at MDC Brooklyn
    (b) Address:  80 29th Street
    Brooklyn, New York 11232
    (c) Your identification number:  Mr. Combs Number is 37452-054
3.  Are you currently being held on orders by:
    ☑Federal authorities  ☐ State authorities  ☐ Other - explain:
    Pretrial detention on Indictment Number 24 CRIM 542
4.  Are you currently:
    ☑A pretrial detainee (waiting for trial on criminal charges)
    ☐Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: _____
        _____
        (b) Docket number of criminal case: _____
        (c) Date of sentencing: _____
    ☐Being held on an immigration charge
    ☐Other *(explain):* _____
    _____
    _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.   What are you challenging in this petition:
☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
☑ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6.   Provide more information about the decision or action you are challenging:
  (a)  Name and location of the agency or court:     United States District Court for the Southern District of
New York
  (b)  Docket number, case number, or opinion number:     24 CRIM 542
  (c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
Denied pretrial detention in violation of the 5th and 13th Amendments to the United States Constitution.

  (d)  Date of the decision or action:     10/14/2024

## Your Earlier Challenges of the Decision or Action

7.   **First appeal**
Did you appeal the decision, file a grievance, or seek an administrative remedy?
☑ Yes                     ☐ No
  (a)  If "Yes," provide:
    (1)  Name of the authority, agency, or court:     United States Court of Appeals for the Second Circuit
by Mr. Combs retained counsel.
    (2)  Date of filing:     10/14/2024
    (3)  Docket number, case number, or opinion number:     N/A
    (4)  Result:     Pending
    (5)  Date of result:
    (6)  Issues raised:     Upon information and belief, the decision denying pretrial release was based upon
unfounded allegations of preadventure, i.e., the accused would tamper with witnesses and/or flee
to avoid prosecution.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    _____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    _____

    _____

    _____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    _____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal:    _____
_____

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☑ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:   _____
(2)  Case number:   _____
(3)  Date of filing:   _____
(4)  Result:   _____
(5)  Date of result:   _____
(6)  Issues raised:   _____
_____
_____
_____
_____
_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☑ No

If "Yes," provide:

(1)  Name of court:   _____
(2)  Case number:   _____
(3)  Date of filing:   _____
(4)  Result:   _____
(5)  Date of result:   _____
(6)  Issues raised:   _____
_____
_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                    ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Date of filing:

(2)  Case number:

(3)  Result:

(4)  Date of result:

(5)  Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:

(2)  Date of filing:

(3)  Case number:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

                                             _____

                                           _____

                                           _____

                                           _____

                                           _____

**12.**    **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes               ☑ No

    If "Yes," provide:

    (a)  Kind of petition, motion, or application: _____

    (b)  Name of the authority, agency, or court: _____

                                             _____

    (c)  Date of filing: _____

    (d)  Docket number, case number, or opinion number: _____

    (e)  Result: _____

    (f)  Date of result: _____

    (g)  Issues raised: _____

                                             _____

                                           _____

                                           _____

                                           _____

                                           _____

### Grounds for Your Challenge in This Petition

**13.**    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

    **GROUND ONE:**   The denial of pretrial release is unconstitutional, in that it violates the 5th, 6th and 13th Amendments to the United States Constitution by subjecting the accused to the conditions and penalties of a conviction without being convicted of the criminal offense or offenses for which he or she stands charged, thereby "putting the cart before the horse," which the 13th Amendment resoundingly prohibits.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief. Do not cite cases or law.):*

In United States v. Salerno, 794 F.2d 64 (1986), the Second Circuit Court of Appeals held that the "Bail Reform

Act" of 1984 was unconstitutional in denying pretrial release, but based its decision on due process under

the 5th Amendment, which was reversed by the Supreme Court under United States v. Salerno, 481 U.S. 739

(1987). Here, the petition raises 5th, 6th and 13th Amendment challenges to the defendant's pretrial detention,

because while laws can be adopted to address concerns regarding pretrial reoffenders, pretrial liberty restrictions

can be applied only to those who actually commit offenses while pretrial released, not pre-adventure.

(b)  Did you present Ground One in all appeals that were available to you?

☐ Yes                    ☑ No

**GROUND TWO:**  The 13th Amendment to the United States Constitution mandates that no person be subjected

to slavery or involuntary servitude (which by its very nature involves the deprivation of liberty), except as punish-

ment for a crime of which they have been duly convicted, meaning that the rights afforded under the 5th and 6th

Amendments to the United States Constitution must be afforded before liberty can be lawfully deprived.

(a)  Supporting facts *(Be brief. Do not cite cases or law.):*

Due process of law prescribes that an accused not be held to answer for a capital, or otherwise infamous crime,

unless on a presentment or indictment of a Grand Jury; nor be compelled to commit self-incrimination; and shall

enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime(s) shall

have been committed; and to be informed of the nature and cause of the accusation(s); and to confront his

accusor(s), with compulsory process of obtaining witnesses in his favor, and to have Assistance of Counsel. Thus,

the only way pretrial liberty can be lawfully deprived is where a person has been charged with a crime involving

murder, arson, explosives, or attempts involving same, and, thereby presents a danger to himself or to others.

(b)  Did you present Ground Two in all appeals that were available to you?

☐ Yes                    ☑ No

**GROUND THREE:** _____

_____

_____

(a)  Supporting facts *(Be brief. Do not cite cases or law.):*

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes                    ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____
_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____
_____

(b) Did you present Ground Four in all appeals that were available to you?

❏ Yes            ❏ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:    Upon information and belief, Mr. Combs' retained counsel was unaware of the impediments to depriving
or restricting liberty under the 13th Amendment prior to a conviction, where the person is not charge with a
heinous crime involving murder, arson or explosives, or an attempt of the same, nor, following a hearing, has
been found mentally impaired, and, thereby, an imminent danger to themselves and to others.

### Request for Relief

15. State exactly what you want the court to do:  It is requested that the Court find that Mr. Combs' pretrial detention
violates the 13th Amendment to the U.S. Constitution, in that due process of law under the 5th and 6th Amendments
imposes a  jurisdictional prerequisite to the deprivation of liberty, rendering the denial of bail in this case unconstitutional;
and, as the 8th Amendment to the United States Constitution prohibits excessive bail, that Mr. Combs be granted
immediate release on bail of no more than Five Million Dollars, with restrictions only on travel outside the United States.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

This petition is being made by Hilary Best on behalf of Sean Combs, and is being filed with the SDNY Court Clerk.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:        10/14/2024

Signature of Petitioner

28 U.S.C. 2242

~~Signature of Attorney~~ or other authorized person, if any

**Post Office Box 751072**
**Forest Hills, New York 11375**
**Tel. (718) 807-4205**
**Best-Paralegal@hotmail.com**